**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**CHRIS POWELL,**

                              **Petitioner,**

              **-v.-**                                    **9:09-CV-0657**
                                                          **(TJM)**

**DEBORAH SCHULT, Warden,**

                              **Respondent.**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**

**CHRIS POWELL**
Petitioner, *pro se*
10789-036
FCI Ray Brook
P.O. Box 9005
Ray Brook, NY 12977

**FOR THE RESPONDENT:**

**HON. RICHARD S. HARTUNIAN**          **CHARLES E. ROBERTS, Esq.**
United States Attorney                 Assistant United States Attorney
100 South Clinton Street
Syracuse, NY 13261-7198

**THOMAS J. MCAVOY**
**SENIOR, UNITED STATES DISTRICT JUDGE**

## MEMORANDUM-DECISION AND ORDER

**I.     BACKGROUND**

    According to petitioner, *pro se* Chris Powell, on February 3, 2004, he pleaded guilty

before Maine United States District Court Judge John A. Woodcock, Jr. to the charge of being a

felon in possession of a firearm.  *See* Dkt. No. 1 ("Petition") at p. 3.  Subsequent to that

conviction, Powell claims that a Presentence Investigation Report ("PSR") was prepared in

anticipation of his federal sentence, and that in such report, it was alleged that Powell had previously been convicted of three "qualifying 'violent felonies.' " Petition at p. 3. One of those three qualifying felonies was a "Class C eluding a police officer" felony conviction. *Id.* ("Evading Conviction"). Powell claims that he requested that his trial counsel object to that conviction being considered a "violent felony" in the context of his sentencing, but that such counsel failed to lodge any objection to the PSR. *Id.* Powell claims that, as a result, he was found to be an "armed career criminal" by the District Court at his sentencing and that, as a result, he was subject to and received a mandatory minimum term of imprisonment of 180 months incarceration in light of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA" or "the Act"). Petition at pp. 3-4. He claims that if he had not been sentenced under the ACCA, he would have only been subject to a range of imprisonment under the United States Sentencing Guidelines of between seventy-seven and ninety-six months. *Id.* at p. 4.

Powell declares that he filed a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 in the District of Maine in March, 2005, Petition at p. 4, but that such motion was denied by that court. *Id.* That determination was upheld on appeal by the First Circuit Court of Appeals. *Powell v. United States*, 430 F.3d 490 (1st Cir. 2005), *cert. denied*, *Powell v. United States*, 547 U.S. 1047 (2006). In denying Powell's appeal, the First Circuit specifically held that "Petitioner's conviction for eluding police is a proper violent-crime predicate under the ACCA." *Powell*, 430 F.3d at 492.

Petitioner claims that subsequent to that decision of the First Circuit, the United States Supreme Court decided the cases of *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. ___, 129 S.Ct. 687 (2009). He claims that those cases establish that

the Evading Conviction that was utilized and necessary to enhance his sentence under the ACCA cannot properly be considered a violent felony under the Act, and that because those decisions of the Supreme Court must be applied retroactively to the benefit of Powell, this Court must vacate the enhanced sentence imposed on him because he is actually innocent of violating 18 U.S.C. § 924(e). *See* Petition at pp. 4-6. He further claims that because a second action brought by him pursuant to 28 U.S.C. § 2255 would be inadequate or ineffective to raise the above claims, this Court may properly grant his application pursuant to 28 U.S.C. § 2241. *See* Memorandum of Law in Support of Petition (Attachment to Petition) ("Supporting Mem.") at pp. 7-9.

In her memorandum of law in opposition to Powell's petition, respondent argues that other federal courts that have considered similar claims brought pursuant to § 2241 have denied and dismissed such petitions for want of jurisdiction, and that Powell may only properly obtain the relief he seeks by the present application through another § 2255 motion brought in the District of Maine after first obtaining permission from the First Circuit Court of Appeals to file such motion. *See generally* Respondent's Memorandum of Law in Opposition to Petition (Dkt. No. 6 ("Resp. Mem.").

On September 10, 2009, Powell filed a traverse in further support of his habeas application. Dkt. No. 7 ("Traverse").

## II.     DISCUSSION

### A.     Differences Between 28 U.S.C. § 2241 and 28 U.S.C. § 2255

The Court first considers the significance of the fact that this action is brought by Powell pursuant to 28 U.S.C. § 2241 rather than § 2255.

It is well-settled in this Circuit that a petition filed pursuant to 28 U.S.C. § 2241

3

"generally challenges the execution of a federal prisoner's sentence, rather than the imposition of the sentence itself." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). A § 2241 petition is typically utilized to raise claims relating to an inmate's prison conditions or the computation of a prisoner's sentence. *Id.*; *see also Chambers v. United States,* 106 F.3d 472, 474-75 (2d Cir. 1997) (discussing circumstances under which a federal prisoner may properly file a § 2241 petition). 28 U.S.C. § 2255, by contrast, is the means by which a federal inmate typically challenges his conviction and/or sentence; the text of that statute provides, in part, that § 2255 is to be utilized where the petitioner believes that "the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Jiminian*, 245 F.3d at 147 (quoting 28 U.S.C. § 2255(a)).

As noted *ante*, the claims asserted by Powell in the present action challenge the determination by the District of Maine that Powell was subject to the enhanced sentencing penalties provided under the ACCA; nowhere in his petition does Powell contest the conditions of his confinement or the Bureau of Prisons' calculation or execution of his sentence. *See* Petition. Since Powell is challenging the propriety of his sentence in light of the above-cited Supreme Court precedent, such an action is properly asserted in a motion filed pursuant to § 2255. *See Brooks v. United States*, No. CV 06-1728, 2007 WL 1655775, at *2 (E.D.N.Y. June 5, 2007) (" '[N]o matter what title the prisoner plasters on the [application's] cover ... [i]t is the substance that controls' and a petitioner cannot avoid the requirements of § 2255 by 'inventive captioning' ") (quoting *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004)).

Since, as noted *ante*, Powell has already filed an (unsuccessful) motion pursuant to §

4

2255 in the District of Maine, and he is now asserting claims in a § 2241 petition that are properly brought in a § 2255 motion, this Court must either treat the present petition as a second or successive § 2255 petition, and transfer it to the First Circuit for certification under § 2255(h) or, if Powell cannot demonstrate that a remedy under § 2255(e) would be inadequate or ineffective to test the legality of his detention under the "savings clause" of § 2255(e), this Court must deny and dismiss the § 2241 petition for lack of jurisdiction. *See Adams v. United States,* 372 F.3d 132, 136 (2d Cir. 2004). In discussing this "savings clause" of § 2255, the Second Circuit has explained that:

> The net result of this statutory scheme is to limit federal jurisdiction to hear habeas claims based on the invalidity of a federal conviction or sentence to § 2255 unless a petitioner can show that a motion pursuant to that section is "inadequate or ineffective to test the legality of his detention." If such a showing can be made, federal courts retain jurisdiction to hear the habeas petition pursuant to § 2241. But if the necessary showing cannot be made, § 2241 cannot be invoked, and the district court must either dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion.

*Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003). Thus, to properly maintain this action under § 2241, Powell must demonstrate that a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." Absent such a showing, this Court lacks jurisdiction to consider the instant petition under § 2241. *Cephas*, 328 F.3d at 104; *see also* 28 U.S.C. § 2255(h).

In *Cephas,* the Second Circuit interpreted the meaning of the "inadequate and ineffective" standard for invoking the savings clause of § 2255, and opined that the phrase refers to "those cases 'in which the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure

5

to allow for collateral review would **raise serious constitutional questions.**' " *Cephas,* 328 F.3d at 104 (emphasis supplied) (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)); *see also Bridges v. United States*, Nos. 00 CR 210, 04 CV 2715 & 09 CV 5753, 2010 WL 743030, at *4 (S.D.N.Y. Mar. 4, 2010) (citing *Triestman*).  This demanding standard is satisfied in "relatively few" cases, *Cephas*, 328 F.3d at 104, and only where the inmate can prove both "actual innocence" on the existing record and that he could not have effectively raised his claims of innocence at an earlier time.  *Cephas,* 328 F.3d at 104 & n.6 (citations omitted).

Since petitioner seeks to invoke § 2255's savings clause as the basis for bringing this petition under § 2241, *see generally* Petition, this Court now considers whether he has met this high standard.

### B. Propriety of Powell's Action Under § 2241[1]

In his supporting memorandum, Powell principally relies upon the Supreme Court's decision in *Begay* in support of his claim that he is actually innocent of the enhanced sentence. *See generally* Supporting Mem. at pp. 4-8, 11-15.  Therefore, a brief review of the Court's holding in that decision is in order.

In *Begay*, the Supreme Court was required to determine whether a conviction for the crime of driving while under the influence of alcohol ("DUI") was a "violent felony" for purposes of the enhanced sentencing provisions of the ACCA.  In interpreting the "otherwise clause" of the

---

[1] Powell has not claimed in this action that he is actually innocent of the conviction that resulted in his imprisonment.  *See* Petition.  Additionally, this Court assumes, without deciding, that Powell may properly assert a claim under § 2241 that only attacks the propriety of the sentence imposed on him, rather than a claim challenging the validity of the underlying conviction.  *See Wongus v. Craig*, No. 9:06-CV-0618, 2006 WL 2862219, at *2 (N.D.N.Y. Oct. 5, 2006) (Sharpe, J.).

6

Act, 18 U.S.C. § 924(e)(B)(ii);[2] the *Begay* Court determined that such phrase must be limited to crimes that are "roughly similar, in kind as well as in degree of risk posed, to the examples themselves." *Begay*, 553 U.S. at 143.  The Court then, in reversing the determinations of both the District Court and the Tenth Circuit Court of Appeals, concluded that the DUI conviction was not a "violent felony" under the ACCA because it failed to meet that definition. *Begay*, 553 U.S. at 145-48.  In *Chambers*, the other Supreme Court case upon which petitioner bases his claim for habeas relief, the Court found that a "failure to report crime" was a similarly not a "violent felony" under the Act's because such crime did not "involve conduct that presents a serious potential risk of physical injury to another."  *Chambers*, 555 U.S. at ___, 129 S.Ct. at 691-92 (internal quotation marks and citation omitted).

However, the Evading Conviction that was utilized by the district court in Maine in sentencing Powell under the Act, unlike the crimes that were the subject of the cases in *Begay* and *Chambers*, fits comfortably within the Act's definition of "violent felony."  In arriving at this determination, the Court first notes that in convicting Powell of the Evading Conviction, the prosecutor established that Powell:

> after being requested or signaled to stop, attempt[ed] to elude a law enforcement officer by driving a vehicle at a reckless rate of speed which result[ed] in a high-speed chase between the operator's vehicle and a[] law enforcement vehicle using a blue light and siren.

*See Powell*, 430 F.3d at 492 (citing 29 Maine Revised Statutes § 2501-A(3)) (since superseded).

---

[2] That provision of the Act refers to "violent felonies" as crimes punishable by more than one year's imprisonment, and notes that such crimes include "burglary, arson, or extortion, [the] use of explosives, or [crimes that] otherwise involve[] conduct that present[] a serious potential risk of physical injury to another."  *Begay*, 553 U.S. at 140 (quoting § 924(e)(B)).

Significantly, "intent" is an essential element of that crime. *State v. Dana*, 517 A.2d 719 (Me. Nov. 12, 1986) ("[t]he common sense meaning of the word 'attempt' as used in this section would adequately convey to a jury the requirement that the proscribed conduct be intentional"); *see also State v. Howard*, 405 A.2d 206 (Me. 1979) ('[u]nder [the State of Maine's] Criminal Code, a person is guilty of criminal attempt only if he acts 'with the intent to complete the commission of the (substantive) crime' "). Intent was not an element of the DUI crime at issue in *Begay*; to the contrary, that Court noted that to be guilty of such crime "the offender need not have had any criminal intent at all." *Begay*, 553 U.S. at 145. Thus the *Begay* case is readily distinguishable from the purposeful conduct established by the prosecutor in conjunction with Powell's Evading Conviction.

Next, the Court finds that the Evading Conviction plainly involved violent and aggressive conduct as required by the Act as interpreted by *Begay* and *Chambers*. In arriving at this determination, this Court is persuaded by the reasoning of the Seventh Circuit in *United States v. Dismuke*, 593 F.3d 582 (7th Cir. 2010). In that case, the appellant, like Powell in the present action, argued that the Supreme Court's decision in *Begay* precluded a finding that appellant's felony conviction for vehicular fleeing from a police officer qualified as a "violent felony" under the ACCA. *Id.* In rejecting that claim, the Seventh Circuit noted that the crime before it was plainly a "purposeful" crime. *Dismuke*, 593 F.3d at 592. The *Dismuke* court next noted that the crimes enumerated in the residual clause of the Act are violent and aggressive "not because they invariably involve acts of violence but because they are characterized by aggressive conduct that carries the genuine potential for violence and thus physical injury to another." *Dismuke*, 593 F.3d at 594. In finding the appellant's felony evasion conviction to be both violent and

aggressive, the *Dismuke* court endorsed the finding of the court in *United States v. West*, 550 F.3d 952 (10th Cir. 2008) regarding the crime of attempting to evade a police officer:

> the offense of failing to stop at the command of a police officer will typically lead to a confrontation with the officer being disobeyed. It is likely to lead, in the ordinary case, to a chase or at least an effort by police to apprehend the perpetrator. All of these circumstances increase the likelihood of serious harm to the officers involved as well as any bystanders that by happenstance get in the way of a fleeing perpetrator or his pursuers. For these reasons, we conclude that the crime of failing to stop at an officer's command is, in the ordinary case, an offense involving violent and aggressive behavior.

*Dismuke*, 593 F.3d at 595 (quoting *West*, 550 F.3d at 970).

As the First Circuit noted in denying petitioner's request for a certificate of appealability in conjunction with the denial of his § 2255 motion, the *Powell* court properly noted that "high-speed car chases pose a grave threat of death and injury by collision, as well as escalated confrontations between suspects and police." *Powell*, 430 F.3d at 492. That conduct, in addition to being purposeful as discussed more fully above, is also properly categorized as both violent and aggressive. In this regard, this Court endorses the observations of the *West* and *Dismuke* courts with respect to the manner in which they characterize the felony crime of attempting to flee from a police officer. Thus, the instant case is also readily distinguishable from *Chambers*; in that case, the "failure to report" crime did not "involve conduct that present[ed] a serious potential risk of physical injury to another." *Chambers*, 555 U.S. at ___, 129 S.Ct. at 691-92 (citation and internal quotation omitted).

Powell further contends that he is entitled to the relief he seeks because the statute under which he was convicted in conjunction with his Evading Conviction "does not require a finding

of "intent" to commit "violence" against another. Traverse at p. 9. However, none of the cases cited by Powell in the present action, nor any of the cases that this Court has reviewed in conjunction with the present application, support this narrow definition of the phrase "violent felony" under the Act. Indeed, as the *Dismuke* court saliently noted in denying appellant's appeal which challenged his sentencing under the Act, "[b]urglary doesn't require an act of violence; neither does extortion or arson." *See Dismuke*, 593 F.3d at 594. Thus, Powell is plainly not entitled to the relief he seeks merely because the prosecutor was not required to establish that Powell intended to commit violence against another in order to secure the Evading Conviction.

Powell additionally argues that he is actually innocent of the imposed sentence because the Evading Conviction crime of which he was convicted:

> is a crime of [recklessness] and the acts described by the statute do not involve (require) purposeful, violent, and aggressive conduct against another. Therefore, just like *Begay*, *Herrick*,[3] and *Gray's*[4] crimes, Mr. Powell's "eluding" offense does not survive the [new] test, (emphasis added). Indeed, if the petitioner was resentenced today, he could not "legally" or "factually" be deemed an Armed Career Criminal under § 924(e). Wherefore, Mr. Powell is "actually innocent" of his (ACCA) charge/sentence.

Supporting Mem. at p. 14 (footnotes added).

As noted above, neither the Supreme Court's decision in *Begay* nor *Chambers* support Powell's claim that he is entitled to relief under § 2241. Additionally, for the reasons that follow, the Court finds that neither *Gray* nor *Herrick* support Powell's claim that his Evading Conviction cannot properly be considered to be a violent felony under the Act.

---

[3] *United States v. Herrick*, 545 F.3d 53 (1st Cir. 2008).

[4] *United States v. Gray*, 535 F.3d 128 (2d Cir. 2008).

In *Gray*, the Second Circuit was required to determine if the New York offense of reckless endangerment could be properly classified as a "violent felony" under the ACCA. In finding that such crime was not a violent felony, the *Gray* court noted that such crime did not "criminalize purposeful or deliberate conduct." *Gray*, 535 F.3d at 132. Similarly, in *Herrick*, the First Circuit noted that the vehicular homicide statute that had been used as a predicate "violent felony" for purposes of that appellant's sentence under the Act did "not involve the requisite purposeful, intentional or deliberate conduct." *Herrick*, 545 F.3d at 59-60.

As noted *ante*, the Evading Conviction challenged herein required proof that Powell intentionally attempted to avoid law enforcement agents by driving at a recklessly high rate of speed. *Powell*, 430 F.3d at 492. The prosecutor further established that Powell's conduct at that time in fact resulted in a high speed chase with the police. *Id*. (citing 29 Maine Revised Statutes § 2501-A(3)). As discussed *ante*, the conduct required to sustain a conviction for eluding a police officer in the state of Maine – of which petitioner was convicted – places not only law enforcement agents at a serious risk of injury but also any bystanders who happen to be near the scene of the crime at the time such crime is committed. Therefore, that crime, by definition (and not merely in terms of how Powell may have acted at the time he committed such offense), requires sufficiently purposeful, violent and aggressive conduct so as to be properly considered a violent felony under the Act. *See Begay*, 553 U.S. at 141; *see also* 29 Maine Revised Statutes § 2501-A(3). Accordingly, as with the Supreme Court's decisions in *Begay* and *Chambers*, the Court concludes that neither *Gray* nor *Herrick* support petitioner's assertion that his Evading Conviction can no longer be considered a violent felony under the ACCA.

In sum, after considering the arguments before it relating to this issue, this Court is

satisfied that Powell's Evading Conviction in the state of Maine is a violent felony as that phrase is a defined by the ACCA as interpreted by the Supreme Court in *Begay* and *Chambers*. Additionally, Powell has failed to provide this Court with case law from either this circuit, or the circuit in which he was convicted, which establishes that the failure to review his current claim under § 2241 would raise serious constitutional questions. The Court therefore finds that it is without jurisdiction to entertain the present action, and the Court accordingly denies and dismisses his petition.

**THEREFORE**, after having reviewed the documents submitted by the parties in conjunction with this action, the applicable law, and for the reasons discussed herein, it is hereby

**ORDERED**, that Powell's petition is **DENIED** and **DISMISSED** for the above stated reasons, and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Memorandum-Decision and Order upon the parties to this action in accordance with this District's Local Rules, and it is further

**ORDERED**, that all records which were not filed in this action be returned directly to the party that provided such records at the conclusion of these proceedings (including any appeal of this Memorandum-Decision and Order filed by any party).

**IT IS SO ORDERED.**

Dated: May 19, 2010

Thomas J. McAvoy
Senior, U.S. District Judge